IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARCUS KELVIN HIGHTOWER,**

    Plaintiff,

v.                                                                        Civil Action No. **3:08CV632**

**LISA VINCENT,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### I. Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims

2

the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Analysis

On or around August 10, 2008, Defendant Lisa Vincent, a Correctional Officer at Southside Regional Jail, brought Plaintiff his medication. After Plaintiff put the pills in his mouth, Defendant asked him to open his mouth. Plaintiff opened his mouth and, because Defendant Vincent is much shorter than Plaintiff, leaned forward so that she could see that he had swallowed his pills. Defendant Vincent slapped Plaintiff with her left hand, telling him not to get in her face. The following day, Plaintiff was moved from the trustee ward to a pod that was locked down for nineteen hours each day. On August 19, 2008, Plaintiff was transferred to Powhatan Correctional Center ("PCC"). Plaintiff seeks damages in the amount of $20,000.

The Supreme Court has explained that "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (*citing Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Only touchings that result in greater than *de minimis* injuries can violate constitutional rights. *Riley v. Dorton*, 115 F.3d 1159, 1167-68 (4th Cir. 1997) (holding that slap resulting in a welt on plaintiff's face was *de minimis* injury); *see also Headley v. Fisher*, No. 1:06cv06331, 2008 WL 1990771, at *5 (S.D.N.Y May 7, 2008) (granting motion to dismiss because allegation of single slap did not show more than *de minimis* injury). Plaintiff does not allege a greater than *de minimis* injury as a result of Defendant Vincent's slap. It is therefore RECOMMENDED that Plaintiff's claims be DISMISSED with respect to any damages arising from Defendant Vincent's slap.

3

Prisoners have no independent constitutional right to be housed in any particular facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). Furthermore, Plaintiff has not alleged facts that suggest that being housed in PCC imposed any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Counts v. Newhart*, 951 F. Supp. 579, 585 (E.D. Va. 1996) (holding that the Virginia statute does not create any constitutionally protected interest). Because Plaintiff has not established a protected liberty interest, he cannot show that his transfer to PCC violated any constitutional right. It is therefore RECOMMENDED that Plaintiff's claim be DISMISSED with respect to Plaintiff's transfer.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional

right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

    The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

    And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 5/12/09
Richmond, Virginia